Rory C. Leisinger (SBN 277476)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
E: rory@pricelawgroup.com

Attorneys for Plaintiff,
VIRGINIA LYN BRIEN

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| VIRGINIA LYN BRIEN,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORT ACT, 15 U.S.C. § 1681** *et seq.***; and**<br><br>**2. THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, C**AL**. C**IV**. C**ODE **§ 1785.25** *et seq.***; and**<br><br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, C**AL**. C**IV**. C**ODE **§ 1788** *et seq.*<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>[Unlimited Civil Jurisdiction] |

# COMPLAINT
# INTRODUCTION

1. Plaintiff Virginia Lyn Brien ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Ocwen Loan Servicing, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc.  Specifically, Plaintiff alleges violations of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq.* ("CCCRA")  and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* ("RFDCPA").

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff Virginia Lyn Brien is a natural person who resides in the City of Sacramento, County of Sacramento, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b), as well as a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

5. Defendant, Ocwen Loan Servicing, LLC (hereinafter "Ocwen"), is a Delaware Limited Liability Company, headquartered in the State of Florida, with its mailing address at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and is a business entity registered to do business in California (Entity Number 200213810063).   Ocwen has a multi-billion dollar portfolio of

mortgage loans under management and is one of the country's largest servicers of mortgage loans. Defendant Ocwen was an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Further, Defendant Ocwen is a "person" as defined by FCRA 1681a(b) and CAL. CIV. CODE § 1785.3(j), as well as a "reseller" as defined by 15 U.S.C. § 1681a(u). Lastly, Defendant Ocwen is an entity engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as "consumer debt," as defined by CAL. CIV. CODE § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the CAL. CIV. CODE § 1788.2(c).

6. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626.  At all relevant times herein, Defendant Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

7. Defendant, Equifax Information Solutions, LLC (hereinafter "Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree Street NW, Atland, Georgia, 30309.  At all relevant times herein, Defendant Equifax, was an entity which, for monetary fees, dues, or on a

cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Plaintiffs are informed and believe and on that basis allege that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. In April 1998, Plaintiff and her husband purchased a single family residence located at 6372 Misty Wood Way, Citrus Heights, California 95621. In 2004, Plaintiff's husband deeded his interest in the property to Plaintiff. Plaintiff has resided in the house from the date of purchase until present.

11. In April 2006, Plaintiff obtained a second mortgage of $80,000 on the property from Greenpoint Mortgage Funding, Inc.. Upon information and belief, the mortgage was subsequently sold to Bank of America Home Loans.

12. Due to financial hardship, Plaintiff filed a Chapter 13 bankruptcy in February 2010 in the Eastern District of California (Case #: 10-24770-E-13L). In the course of the bankruptcy, the court confirmed Plaintiff's Chapter 13 repayment plan, and then ordered that the value of the second mortgage with Bank of America be valued at $0.00, effectively nullifying the mortgage.

13. Upon information and belief, Bank of America Home Loans subsequently sold the loan to Defendant Ocwen in December 2013, who immediately began attempting to collect the loan payments from Plaintiff.

14. Plaintiff's bankruptcy attorney sent notice to Defendant Ocwen on January 6, 2014 that the Plaintiff had filed for Chapter 13 bankruptcy and that the loan they were collecting had been extinguished and discharged. See attached, a true and correct copy of the correspondence sent to Defendant Ocwen (attached as "Exhibit A").

15. Defendant Ocwen continued to mail notices to Plaintiff to attempt to collect a debt from Plaintiff when said debt had been discharged by the United States Bankruptcy Court and Plaintiff has no legal obligation to pay the debt. Defendant's attempts are deceptive and false representations of debts that were discharged and noticed as such to the Defendant. See attached, a true and correct copy of one such deceptive collection notice sent by Defendant Ocwen to Plaintiff on January 17, 2014 (attached as "Exhibit B").

16. Defendant engaged in false and deceptive means in attempting to collect a debt by sending documents that portray discharged debt as debt that is due.

17. In February 2014, Plaintiff obtained copies of her credit reports from Defendants Experian and Equifax. The reports indicated that Defendant Ocwen still had an open and delinquent second mortgage for the amount of $79,799.00.

18. Given the fact that the loan may not be enforced, Ocwen's credit reports to the credit bureaus are inaccurate because they are misleading. The reports are misleading because creditors that view Plaintiffs' credit reports would reasonably conclude that they owe approximately $80,000 to Ocwen and that the account is "past due."

19. Ocwen's reports are also incomplete because Ocwen fails to disclose it cannot obtain a judgment on the loan account.

20. On or about February 2014, Plaintiff prepared dispute letters per 15 U.S.C. § 1681i and mailed them to Defendants Experian and Equifax, in which she stated the precise reasons that Ocwen should not be reporting the account as having a balance or being past due. See attached, true and correct copies of the correspondence sent to the credit reporting agencies (attached as "Exhibit C").

21. On information and belief, upon receipt of the letters, the three credit reporting agencies each sent an automatic customer dispute verification form informing defendant Ocwen that the consumer was disputing its reporting of the status of the account.

22. On or about March 2014, Plaintiff received the results of investigation from Defendants Equifax, Experian and Transunion. The investigation failed to reveal that the loan was fully discharged.

23. Despite Plaintiffs' exhaustive efforts to date to remove the erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiffs.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

26. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing her from being able to obtain credit.

27. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT OCWEN VIOLATED
## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. The FCRA requires a furnisher such as Ocwen, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

30. Within the last two years, Defendant Ocwen provided inaccurate information to the credit reporting agencies.

31. Within the past two years, Plaintiff notified Experian, Equifax, and Transunion that her reports concerning Ocwen were inaccurate. Thereafter, the credit reporting agencies notified Ocwen that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

32. Ocwen violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Ocwen;
    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
    d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
    e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;
    f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;
    g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and
    h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

33. In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate.

34. Ocwen's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate the Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

**COUNT II – SECOND CLAIM FOR RELIEF**
**DEFENDANT OCWEN VIOLATED**
**THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,**
**(CCCRA), California Civil Code §§1785.25(a)**

35. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

36. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

37. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

38. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to

a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

39. Defendant Ocwen negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

40. Based on these violations of Civil Code § 1785.25 (a), Plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### COUNT III – THIRD CLAIM FOR RELIEF
### DEFENDANTS EQUIFAX AND EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

41. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

43. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In

COMPLAINT AND DEMAND FOR JURY TRIAL
-10-

conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

44. Within the two years preceding the filing of this complaint, Plaintiff notified Defendants Equifax and Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

45. Defendants Equifax and Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiffs disputed.

46. Defendants Equifax and Experian failed to review and consider all relevant information submitted by Plaintiffs.

47. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

48. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

49. Defendants Equifax and Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

### COUNT IV – FOURTH CLAIM FOR RELIEF
### DEFENDANT OCWEN VIOLATED
### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, (RFDCPA), California Civil Code §§1788 *et seq.*

50. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

51. Defendant Ocwen violated the RFDCPA.  Defendant Ocwen's violations include, but are not limited to, the following:

 a. Defendant Ocwen violated Cal. Civ. Code § 1788.14(c) by communicating with a debtor, other than statements of account, after the

      debt collector has been notified in writing that the debtor is represented by an attorney; and

b. Defendant Ocwen violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act). Specifically:

   i. Defendant Ocwen violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(1) by communicating with the consumer with respect to a debt, after the debt collector knows the consumer is represented by an attorney with respect to such debt;

   ii. Defendant Ocwen violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   iii. Defendant Ocwen violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of the alleged debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o , CAL. CIV. CODE §§ 1785.31(a) and 1788.30(a);

B. Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b);

C. Punitive damages pursuant to CAL. CIV. CODE §§ 1785.31(a) and 1785.31(c);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and Cal. Civ. Code § 1785.31(d);

E. Any pre-judgment and post-judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VIRGINIA LYN BRIEN, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: January 30, 2015           By: */s/ Rory C. Leisinger*
                                  Rory C. Leisinger
                                  Attorney for Plaintiff,
                                  VIRGINIA LYN BRIEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C